IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SAMANTHA COLEMAN,

    Plaintiff,

v.

                            CIVIL ACTION NO.  1:04-0624

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

MEMORANDUM OPINION

I.  Background

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation on August 2, 2005, in which he recommended that the court deny plaintiff's motion for summary judgment, grant defendant's motion for judgment on the pleadings, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  Plaintiff timely filed objections to the magistrate judge's Proposed Findings and Recommendation. With respect to those objections, the court has conducted a de novo review of the record.

At the outset, the court notes that judicial review in social security cases is quite limited.  The magistrate judge's review is to determine if the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that he or she applied the proper legal standards.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id.  Therefore, with respect to each of plaintiff's specific objections, this court has reviewed the record to determine whether each finding of the ALJ is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.

## II.  Objections and Analysis

Plaintiff makes several objections to the magistrate judge's Proposed Findings and Recommendations: 1) that the ALJ erred in giving no weight to the opinion of psychiatrist Dr. Riaz; 2) that the ALJ erred in determining plaintiff's anxiety disorder, sleep apnea, and obesity are not "severe" impairments; 3) that the ALJ did not properly consider the combined effect of plaintiff's impairments.  Plaintiff's "objections" do not break new ground; they are taken, almost verbatim, from her brief in support of her motion for summary judgment and, therefore, were specifically considered by the magistrate judge in his Proposed Findings and Recommendation.

A.  *Opinion of Dr. Riaz*

As Magistrate Judge VanDervort noted in his Proposed

Findings and Recommendation:

> Every medical opinion received by the ALJ must be
> considered in accordance with the factors set forth in
> 20 C.F.R. § 416.927(d).  These factors include: (1)
> length of the treatment relationship and frequency of
> evaluation, (2) nature and extent of the treatment
> relationship, (3) supportability, (4)consistency, (5)
> specialization, and (6) various other factors.
> Additionally, the regulations state that the
> Commissioner "will always give good reasons in our
> notice of determination or decision for the weight we
> give your treating source's opinion."

Proposed Findings and Recommendation at 5 (quoting 20 C.F.R.

§ 416.927(d)(2)).  The regulations go on to state that more

weight will be given to the medical opinion of an examiner than a

non-examiner and more weight will be given to a treating source

than a non-treating source (such as an examiner or non-examiner).

A review of the ALJ's decision makes clear that his

treatment of Dr. Riaz's opinion was supported by substantial

evidence.  Dr. Riaz evaluated plaintiff on two occasions: in

November 27, 2001 and October 31, 2002.  At the November 27, 2001

examination, Dr. Riaz opined that plaintiff had "a combination of

emotional and physical problems which makes her incapable of

gainful employment for the next twelve months."  Tr. at 196.

Despite opining that plaintiff was "incapable of gainful

employment," Dr. Riaz further concluded that plaintiff was a

"suitable candidate for vocational rehabilitation."  Tr. at 196.

3

The October 31, 2002 evaluation produced similar results. Dr. Riaz again opined that plaintiff's combination of physical and emotional problems rendered her incapable of working but that she should be referred to vocational rehabilitation for some type of training (CNA or LPN).  Tr. at 193.

Plaintiff's contention to the contrary, it is clear that the ALJ specifically considered both of Dr. Riaz's evaluations of plaintiff.  The ALJ stated:

> Medical reports dated November 27, 2001, and October 31, 2002, from Riaz U. Riaz, M.D., indicate the West Virginia Department of Health and Human Resources referred the claimant for evaluation of her psychiatric problems.  On November 27, 2001, Dr. Riaz noted that the claimant appeared anxious and depressed.  She sat wringing her hands.  Psychometer retardation was moderately severe.  The claimant presented with complaints of feelings of worthlessness, uselessness, hopelessness, and paranoid thinking.  He claimant's attention and concentration were poor.  Dr. Riaz diagnosed major depression and generalized anxiety disorder.  On October 31, 2002, Dr. Riaz noted that Ms. Coleman's mood and affect were depressed and anxious. She presented with complaints of feelings of hopelessness, worthlessness, uselessness, and paranoid thinking.  The psychiatrist reported that claimant's attention and concentration were poor.  Dr. Riaz diagnosed major depression.  (Exhibit 9F).

Tr. at 16.[1]

---

[1]Plaintiff argues that the "ALJ failed to even mention the November, 2001 opinion in his decision."  Objections at 2.  Even a cursory reading of the above-cited portion of the ALJ's decision confirms that plaintiff is wrong on this point.  In any event, as Magistrate Judge VanDervort confirmed, Dr. Riaz's opinions in November 2001 and October 2002 were basically the same.  Furthermore, even if the ALJ had not specifically discussed the November 2001 opinion in his decision, it would not necessarily have undermined his decision.  Although an ALJ must resolve conflicts in the evidence, there is no requirement that he evaluate and discuss in writing every piece of evidence in the record.  See Briscoe v. Barnhart, 309 F. Supp. 2d 1025, 1035

In deciding to give no weight to Dr. Riaz's opinion that
plaintiff was unable to work, the ALJ concluded:

> On October 31, 2002, Dr. Riaz opined that claimant is
> incapable of gainful employment.  However, the doctor
> recommends that the claimant be referred to vocational
> rehabilitation for some type of training, such as a
> certified nurse's assistant or licensed practical
> nurse.  (Exhibit 9F, page 3).  The undersigned has
> considered Dr. Riaz's opinion of inability to work but
> accords it no weight since it is inconsistent with his
> recommendation of vocational training which implies the
> ability to work.

Tr. at 18.  The foregoing excerpts from the ALJ's decision make
clear that he evaluated Dr. Riaz's opinion in accordance with the
governing regulations, 20 C.F.R. § 416.927(d), and that he gave
good reasons for the weight he gave that opinion.  He did not
consider the opinion that plaintiff was incapable of gainful
employment because it was internally inconsistent, i.e., there
would be no need for someone incapable of working to receive
vocational rehabilitation and training.  An ALJ does not err when
he disregards a medical opinion that is internally inconsistent.
See, e.g., Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (ALJ
properly rejected doctor's conclusory opinion which was
contradicted by doctor's own treatment notes); Knight v. Chater,
55 F.3d 309, 314 (7th Cir. 1995) ("Medical evidence may be

_____

(N.D. Ill. 2004); see also Scheck v. Barnhart, 357 F.3d 697, 700
(7th Cir. 2004) ("[An ALJ] need not provide a written evaluation
of every piece of evidence that is presented."); Diaz v. Chater,
55 F.3d 300, 308 (7th Cir. 1995) ("[A]n ALJ need not provide a
complete written evaluation of every piece of testimony and
evidence. . . ."); Hur v. Barnhart, 2004 WL 817359, at *2 (3d
Cir. 2004) ("There is no requirement that the ALJ discuss in its
opinion every tidbit of evidence included in the record.")
(unpublished).

discounted if it is internally inconsistent or inconsistent with other evidence."); Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (finding that ALJ properly discounted medical opinion of physician whose "own office records did not support his later expressed opinion that [the] plaintiff was totally disabled.").

In Guilliams v. Barnhart, 393 F.3d 798, 803 (8th Cir. 2005), the appeals court affirmed the ALJ's decision to reject the opinion of an orthopedic surgeon who found that the claimant therein had "physical limitations" and was "physically disabled f[rom] gainful labor-type employment."  In doing so, the court noted that the opinions of a specialist are generally entitled to more weight than those of non-specialists. See id.  The court found, however, that the orthopedic surgeon's report was internally inconsistent because he had opined the claimant was "totally disabled," but found that he "would be an excellent candidate for vocational rehabilitation evaluation."  Id.

Finally, it bears noting that Dr. Riaz's opinion that plaintiff is disabled is not given any special significance. "`The determination' of whether the claimant meets the statutory definition of disability is reserved to the [Commissioner], even when a medical source opinion includes a statement that a claimant is `disabled' or `unable to work.'" Miller v. Callahan, 964 F. Supp. 939, 951 (D. Md. 1997) (quoting 20 C.F.R. § 416.927(e)(1)).

Based on the foregoing, the court concludes that the ALJ's treatment of Dr. Riaz's opinions was supported by substantial evidence.  Accordingly, plaintiff's objection is OVERRULED.

B.   *Non-severe Impairments*

Plaintiff next argues that the ALJ erred in determining plaintiff's sleep apnea, obesity, and anxiety disorder are not "severe" impairments.

Under the applicable regulations, a severe impairment is one that "significantly limits your physical or mental ability to do basic work activities."  20 C.F.R. § 416.920(c).  Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting."  20 C.F.R. 416.921(b)(1)-(6).

With respect to plaintiff's sleep apnea, the ALJ found:

> The claimant alleges disability in part because of sleep apnea.  An emergency room report dated September 11, 2001, from Welch Community Hospital indicates the claimant presented with complaints of snoring and breathing disturbance while she sleeps.  Victor Teleron, M.D., attending physician, diagnosed the claimant with sleep apnea.  (Exhibit 4F, page 4).  An emergency room report dated January 22, 2002, from Welch Community Hospital reveals that the claimant sleeps during the day.  Dr. Teleron recommended that the claimant have [a] sleep study done.  (Exhibit 4F, page 1).

On February 19, 2002, Dr. Teleron referred the claimant
to Khalid Razzaq, M.D., board-certified neurologist, to
undergo a polysomnogram.  Dr. Razzaq reported that the
findings reveal obstructive sleep apnea syndrome,
however, the overall apnea and hypopnea index is not
significant.  (Exhibit 6F).

An emergency room report dated August 5, 2002, from
Welch Community Hospital indicates the claimant did not
keep the appointment for the second phase of the sleep
study.  The claimant rescheduled the appointment and on
October 1, 2002, she underwent another polysomnogram.
Ms. Coleman was placed on the C-PAP, and the titration
pressure was increased.  At the increased pressure, the
respiratory disturbance index was reduced, snoring was
eliminated, and arterial oxygen percent saturation was
greater than 90%.  (Exhibit 8F).  Accordingly, it
appears that this is a medically determinable
impairment.  However, the undersigned finds the
claimant's sleep apnea has not resulted in any
significant limitation in her ability to do basic work
activities and is, therefore, a non-severe impairment.
(20 CFR 416.921 and SSR 96-3p).

Tr. at 14-15.  While plaintiff may not agree with the ALJ's

decision that her sleep apnea has not resulted in any significant

limitation in her ability to do basic activities, she has failed

to point to any error in his decision.  First, it is clear that

the ALJ thoroughly considered the evidence of record regarding

plaintiff's sleep apnea.  Second, in her objections, plaintiff

merely recites the evidence in the record to support her

contention that she suffers from sleep apnea, a fact which was

explicitly recognized by the ALJ in his decision.  Plaintiff,

however, fails to point to any substantial medical evidence which

shows that the condition results in a <u>significant</u> limitation in

her ability to do basic work activities.  Without the requisite

significant limitation in ability to do basic work activities, there can be no finding that the impairment is severe.

As to plaintiff's argument that her obesity is severe, the ALJ noted:

> The claimant is obese, as she testified at the hearing that her height is 5`2" and her weight is 244 pounds. On November 29, 2001, Dr. Gorbunsuy reported that Ms. Coleman's weight is 244 pounds.  (Exhibit 2F).  On February 19, 2002, Dr. Razzaq noted that the claimant's weight is 246 pounds (Exhibit 6F).  The record does not show any examination findings which would support any functional limitations.  Consequently, the undersigned finds the claimant's obesity has not resulted in any significant limitation in her ability to do basic work activities and is, therefore, a non-severe impairment.

Tr. at 15.  In response to the ALJ's finding, plaintiff argues that "[t]he ALJ failed to properly rationalize his determination that the plaintiff's obesity is not severe.  It is our position the plaintiff has a severe impairment in the form of obesity." Objections at 6.  Plaintiff, however, points to no evidence in the record which demonstrates that her obesity affected her ability to perform basic work activities.  Rather, plaintiff argues that the ALJ should have found that her obesity affected her ability to perform basic work activities even though the medical evidence in the record suggests otherwise.  This argument is wholly without merit.

Plaintiff also contends that her anxiety disorder was a severe impairment.  The ALJ found that plaintiff suffered from the severe mental impairments of depressive disorder and post-traumatic stress disorder.  Tr. at 16.  The ALJ found that

plaintiff's mental impairments caused her to have mild restrictions in her activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration.  Tr. at 17.

Plaintiff speculates that if the ALJ had found that she her anxiety disorder was a severe impairment, he would necessarily have found that she lacked the ability to engage in substantial gainful activity.  She fails, however, to point to evidence in the record to support her argument.  Instead, plaintiff cites to Social Security Ruling 85-15 which does nothing to advance her argument; it merely states the law.  Furthermore, given that the ALJ took into account plaintiff's mental limitations by limiting her to simple, repetitive tasks in a low-stress environment with limited public contact, Tr. at 20, plaintiff needs to show that her anxiety disorder would affect her functioning beyond the areas already noted.  This she has failed to do and, therefore, her objection is OVERRULED.

C.  *Combination of Impairments*

Plaintiff also argues that the ALJ did not properly consider the combination of her impairments, in particular, her sleep apnea, obesity, and anxiety disorder.  This argument fails.

In his decision, the ALJ specifically noted that "if a severe impairment exists, all medically determinable impairments

must be considered in the remaining steps of the sequential analysis." Tr. at 14. He then went about summarizing the medical evidence of record regarding not only the severe impairments, depressive disorder and post-traumatic stress disorder, but also the non-severe impairments, i.e., sleep apnea, obesity, and anxiety. After summarizing the medical evidence, the ALJ determined whether each alleged condition was a medically determinable impairment and, if so, whether it was severe or non-severe. Although plaintiff argues that the ALJ did not consider all the impairments- - both severe and non-severe--, his decision suggests otherwise. Plaintiff seems to argue that because the ALJ found that the her depressive disorder and post-traumatice stress disorder were severe, he considered only those impairments, to the exclusion of the non-severe impairments. This contention is not supported by the ALJ's decision which makes clear that he considered all of plaintiff's impairments, not just the severe ones. <u>See, e.g.</u>, <u>Hill v. Massanari</u>, 155 F. Supp.2d 1250, 1267 (D. Kan. 2001) ("Plaintiff does not specifically state why she thinks the ALJ did not consider her impairments in combination and the Court will not ignore this explicit language in the ALJ's findings which states that he did properly consider in combination those impairments he found credible.").

The role of this court on review is to determine whether substantial evidence supports the ALJ's decision. 42 U.S.C. §

405(g); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).
Upon review of the record, the court finds ample evidence to
conclude the ALJ considered plaintiff's combination of
impairments.  Accordingly, plaintiff's objection is OVERRULED.

<u>CONCLUSION</u>

For the reasons set forth above, the court OVERRULES
plaintiff's objections to the Magistrate Judge's Findings and
Recommendation.  Accordingly, the court adopts his Findings and
Recommendation and DENIES plaintiff's motion for summary
judgment, GRANTS defendant's motion for judgment on the
pleadings, AFFIRMS the final decision of the Commissioner, and
DISMISSES this case from the active docket of the court.  A
separate Judgment Order of even date herewith will be entered.

The Clerk is directed to forward a certified copy of this
Memorandum Opinion to counsel of record.  The Clerk is further
directed to remove this action from the active docket of this
court.

**IT IS SO ORDERED** this 22nd day of September, 2005.

ENTER:

David A. Faber
Chief Judge